
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY LANKFORD,

                Petitioner,         9:21-cv-22 (BKS/DJS)

v.

TIMOTHY MCCARTHY,

                Respondent.

---

**Appearances:**

*Petitioner pro se:*
Timothy Lankford
15-B-1162
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

*For Defendant:*
Letitia James
Attorney General for the State of New York
Paul B. Lyons
Assistant Attorney General
28 Liberty Street
New York, NY 10005

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On January 8, 2021, Timothy Lankford filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2014 judgment of conviction, upon a jury verdict, of burglary in the second degree and attempted petit larceny. (Dkt. No. 1). On June 8, 2021, Respondent filed an answer, accompanied by the state court records related to the matter. (Dkt. Nos. 12–14). Petitioner filed a reply on September 1, 2021. (Dkt. No. 24). This matter was

assigned to United States Magistrate Judge Daniel J. Stewart who, on February 15, 2024, issued a Report-Recommendation and Order recommending that Petitioner's petition be denied and dismissed. (Dkt. No. 27). Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the Report-Recommendation, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 20–21). Petitioner has filed objections to the Report-Recommendation. (Dkt. No. 30). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error.

*Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III.    DISCUSSION

Following a jury trial in Onondaga County Court in Syracuse, New York, Petitioner was convicted of burglary in the second degree, N.Y. Penal Law § 140.25(2), and attempted petit larceny, N.Y. Penal Law §§ 110.00, 155.25. State Court Record ("SR") at 288. Petitioner was sentenced to a prison term of 15 years followed by 5 years of post-release supervision. (*Id.*).

The Petition asserts five grounds for habeas corpus relief under 28 U.S.C. § 2254. (Dkt. No. 1). Specifically, Petitioner: (1) challenges the sufficiency of the evidence to support his conviction of second-degree burglary and attempted petit larceny following a jury trial; (2) asserts the alleged amendment of the indictment violated his constitutional right to due process and fair trial; (3) asserts a claim of ineffective assistance of trial counsel on a number of grounds; and (4) asserts a claim of ineffective assistance of appellate counsel. (*See generally* Dkt. No. 1).

After carefully considering each of these claims, Magistrate Judge Stewart recommended that the petition be denied. (*See generally* Dkt. No. 27). The Court assumes familiarity with the Report-Recommendation and the facts underlying the Petition, as summarized in the Report-Recommendation, and considers Petitioner's objections in the context of each asserted ground for relief in turn.

####    A.    Sufficiency of the Evidence

Magistrate Judge Stewart found Petitioner's sufficiency of the evidence claim was procedurally barred but that, even it had not been, it also failed on the merits. (Dkt. No. 27, at 5–8). To determine whether federal habeas review of Petitioner's sufficiency of the evidence claim was available, Magistrate Judge Stewart reviewed the procedural history of Petitioner's criminal case, which showed the Appellate Division had found this claim "unpreserved" because

3

"Petitioner's trial counsel raised only a 'general motion for a trial order of dismissal based on the failure of the People to prove a prima [facie] case.'" (*Id.* (quoting *People v. Lankford*, 162 A.D.3d 1583, 1584 (4th Dep't 2018)). Magistrate Judge Stewart explained that: (1) "to preserve a challenge to the sufficiency of the evidence a defendant must move for a trial order of dismissal making a s*pecific* objection," (*id.*) (emphasis added) (citing *People v. Hawkins*, 11 N.Y.3d 484, 492 (2008)); and (2) that New York's contemporaneous objection rule is an 'adequate' state ground that may bar federal habeas review," (*id.* (citing *Brown v. Ercole*, 353 F. App'x 518, 520 (2d Cir. 2009)). As the Appellate Division found that Petitioner's general motion failed to preserve his sufficiency of the evidence claim for review, and because such a finding was an "'adequate' state ground," Magistrate Judge Stewart concluded that Petitioner's sufficiency of the evidence claim was "procedurally barred from federal review." (Dkt. No. 27, at 7).

Nonetheless, Magistrate Judge Stewart considered whether Petitioner's sufficiency of the evidence claim provided a "basis for relief on the merits." (Dkt. No. 27, at 7–8). Magistrate Judge Stewart concluded that Petitioner did not satisfy the "very heavy burden" of showing that "*no* rational trier of fact could have found that the prosecution established the defendant's guilt beyond a reasonable doubt." (*Id.* at 7) (emphasis in original) (first quoting *Torres v. O'Meara*, 353 F. Supp. 3d 180, 188 (N.D.N.Y. 2019); and then quoting *Hogan v. West*, 448 F. Supp. 2d 496, 512 (W.D.N.Y. 2006)). In reaching this conclusion, Magistrate Judge Stewart recounted the following facts:

> Petitioner was located at the scene of the crime-in-progress with his two co-defendants, one of whom pled guilty to the charges. The officers on the scene recovered latex gloves and black hats from the other two individuals, and found a third set of gloves and a hat discarded in an alleyway behind the home. Petitioner denied knowing his co-defendant when questioned, but his co-defendant's

4

> mother later testified that the two are cousins who have known each other for their whole lives and who had lived together previously.

(Dkt. No. 27, at 7–8) (internal citations omitted).

Petitioner argues that because he can "demonstrate cause for and prejudice from default," he is entitled to habeas review on his sufficiency of the evidence claim. (Dkt. No. 30, at 2). "Where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the petitioner can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012) (quoting *DiSimone v. Phillips*, 461 F.3d 181, 190 (2d Cir. 2006)). Petitioner attributes "cause" for trial counsel's failure to articulate a specific basis for objection to the trial court to "the peoples [sic] request" to amend the indictment "to add an acting in concert theory and charge" five days before trial, and the trial court's "decision to permit amendment on the morning of trial," asserting that neither of which were "foreseen." (Dkt. No. 30, at 2–3). But Petitioner does not explain how the amendment of the indictment caused trial counsel's failure to raise a specific objection at trial. Nor has Petitioner articulated any prejudice, arguing only that "a fundamental miscarriage of justice resulted due to Appellate Division to consider petitioners [sic] claim on the merit." (Dkt. No. 30, at 3). In any event, Magistrate Judge Stewart considered Petitioner's sufficiency of the evidence claim on the merits and found no basis for habeas relief. (Dkt. No. 27, at 7–8).

Regarding the merits of Petitioner's claim that the evidence at trial was legally insufficient to support his burglary and attempted petit larceny convictions, Petitioner argues that the prosecution failed to introduce "proof beyond a reasonable doubt of a critical element: intent—the mens rea necessary to support a burglary conviction." (Dkt. No. 30, at 3). Following a 911 call, police were dispatched to the victim's residence, where Petitioner and Willie Carter,

5

Petitioner's cousin, were found, dressed in black clothing, on the porch of the victim's residence. S.R., at 352. After they were separated, a crowbar was found inside Carter's backpack and a pair of gloves, a pocket knife, and a black ski mask were recovered from Carter's pockets. *Id.* The victim's new front door was damaged and her residence was a mess. *Id.* "Burglary, in its simplest form, is a trespass into a building coupled with the intent to commit a crime therein." *People v. Cajigas*, 19 N.Y.3d 697, 701 (2012) (citing N.Y. Penal Law § 140.20). There is nothing to suggest that the jury's finding of Petitioner's guilt had no basis in rationality or that his conviction was not supported by legally sufficient evidence. Accordingly, Petitioner's objection regarding legal sufficiency of the evidence is without merit.

    B.    **"Unlawful Amendment" of the Indictment**

Magistrate Judge Stewart found that because, in general, the amendment of indictments was a matter of state law, Petitioner's assertion that "his constitutional right to due process and fair trial was violated when the trial court allowed the prosecution to pursue and charge the jury with an acting in concert theory" was beyond the Court's review. (Dkt. No. 27, at 8 (citing *O'Halloran v. Gonyea*, No. 11-cv-0346, 2015 WL 93716, at *20, 2014 U.S. Dist. LEXIS 179610, at *41–42 (N.D.N.Y. Sep. 23, 2014), *report-recommendation adopted by* 2015 WL 93716, at *1–4, 2015 U.S. Dist. LEXIS 1303 (N.D.N.Y. Jan. 7, 2015))). Petitioner's objection does not identify any error in Magistrate Judge Stewart's reasoning or recommended finding but is a rehashing of his original arguments. (*Compare* Dkt. No. 30, at 4–5; *with* Dkt. No. 24, at 20–21). Accordingly, the Court has reviewed for clear error, and having found none, adopts Magistrate Judge Stewart's recommendation that habeas relief be denied with respect to Petitioner's amendment of the indictment claim.

### C. Ineffective Assistance of Counsel

Petitioner argues that the "cumulative effect of counsels [sic] errs and omissions violated petitioners [sic] constitutional right to meaningful representation and fair trial." (Dkt. No. 30, at 5). In particular, Petitioner contends that "counsels [sic] errors and omissions denied petitioner his right to establish his innocence through testimony and evidence that was vital to him" and that the state court erred in "denying petitioners [sic] motion without at least holding an evidentiary hearing." (*Id.* at 5–6). Again, Petitioner's objection does not identify any specific error in Magistrate Judge Stewart's extended and thorough discussion of Petitioner ineffective assistance of trial and appellate counsel claims, (Dkt. No. 27, at 8–20), but rehashes the arguments he asserted in his reply, (*see* Dkt. No. 24, at 16–17, 20–21). Accordingly, having reviewed the Report-Recommendation's evaluation of Petitioner's ineffective assistance of counsel claims and having found none, the Court's adopts Magistrate Judge Stewart's recommendation that this claim does not provide a basis for habeas relief.

Having reviewed the remainder of the Report-Recommendation for clear error and having found none, the Court adopts it in its entirety.

### IV. CONCLUSION

**ORDERED** that the Report-Recommendation (Dkt. No. 27) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") is issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), and any further request for a COA must be addressed to the Court of Appeals, *see* Fed. R. App. P. 22(b); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 19, 2024</u>
      Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge